**Lauro Jimenez VELAZQUEZ,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 04–72436.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2006.*

Decided April 11, 2006.

Marc A. Karlin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anh–Thu P. Mai, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM **

Lauro Jimenez Velazquez, a native and citizen of Mexico, petitions for review of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's order pretermitting his application for cancellation of removal on the ground that he is statutorily precluded from establishing good moral character. We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review whether an alien's conduct falls within a per se exclusion category for purposes of eligibility for cancellation of removal. *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir. 2003). We review questions of law de novo, *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1009 (9th Cir.2005), and findings of fact for substantial evidence, *Moran v. Ashcroft,* 395 F.3d 1089, 1091 (9th Cir.2005). We grant the petition for review, and remand for further proceedings.

The BIA concluded that Velazquez was statutorily ineligible for cancellation of removal, based on his testimony that he paid a smuggler to assist his minor children to enter the United States without inspection. *See* 8 U.S.C. §§ 1101(f)(3), 1182(a)(6)(E)(i) (stating that an alien who assists another alien to enter the United States in violation of the law fails the moral character requirement for cancellation of removal). The agency, however, did not have the benefit of this court's recent decision in *Moran,* 395 F.3d at 1094, which indicates that Velazquez is eligible for a family unity waiver. *See id.* (stating that "the alien-smuggling provision ... does not operate to deny the applicant statutory eligibility for cancellation of removal ... because the Attorney General may waive the applicability of the alien-smuggling provision" when the applicant assisted his or her son or daughter to enter the United States in violation of the law). Velazquez therefore remains eligible for cancellation of removal

and the agency improperly pretermitted his application. *See id.*

In accordance with *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam), we remand for further proceedings consistent with this decision.

**PETITION FOR REVIEW GRANTED; REMANDED.**